IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00256-CV

 

Motor Coach Industries Mexico, S.A. de C.V., 

f/k/a Dina Autobuses, S.A. de C.V.,

                                                                                                         Appellant

 v.

 

James Hinton, Individually and as Representative of
the Estate of Dolores Hinton, Deceased, david hinton,

robert kuryla, karen kuryla, hattie binns, reta
haynes, melinda greger, alan horton, elaine horton, ruth powell, judy benson,
james l. freeman, individually and as personal representative of the estate of
jo catherine freeman, deceased, james f. freeman, melanie  jo brooks, susan
akers bills, individually and as executrix of the estates of robert melvin
akers, deceased, and mildreD delois akers, deceased, robert melvin akers, jr.,
patsy beasley, individually and as executrix of the estate of wayne beasley,
deceased, shirley sommer, and peggy armstrong,

                                                                                                         Appellees

And

 

10-08-00353-CV

 

MCI Sales and Service, Inc.,
f/k/a Hausman Bus Sales, Inc.,

                                                                                                            Appellant

v.

 

James Hinton, Individually and as Representative of
the Estate of Dolores Hinton, Deceased, david hinton,

robert kuryla, karen kuryla, hattie binns, reta
haynes, melinda greger, alan horton, elaine horton, ruth powell, judy benson,
james l. freeman, individually and as personal representative of the estate of
jo catherine freeman, deceased, james f. freeman, melanie  jo brooks, susan
akers bills, individually and as executrix of the estates of robert melvin
akers, deceased, and mildreD delois akers, deceased, robert melvin akers, jr.,
patsy beasley, individually and as executrix of the estate of wayne beasley,
deceased, shirley sommer, and peggy armstrong,

                                                                                                         Appellees

 

 



From the 170th District Court

McLennan County, Texas

Trial Court No. 2003-2308-4

 



DISSENT TO SEVERANCE AND REINSTATEMENT ORDER










 

            The Court’s opinion and judgment in
10-06-00256-CV issued on September 10, 2008.  On September 19, 2008, we
received a notice of bankruptcy of one of the Appellants.  On September 19,
2008, we also received Appellees’ motion for extension of time to file a motion
for rehearing.  On September 22, 2008, we purported to grant the Appellees’
motion for extension of time to file a motion for rehearing until October 27,
2008.  On September 22, 2008, we received a letter from Appellants regarding
the Court’s purported order granting the extension after the notice of bankruptcy
had been received.  On October 7, 2008 we acknowledged the automatic stay due
to having received the notice of bankruptcy, but did not acknowledge the date
of the receipt or the effective date of the stay.  Today we purport to sever
the proceeding on our own motion.  I would not.

            I would first clarify the procedural
posture of the stay by noting that the Court’s September 22, 2008 order
granting Appellees an extension of time in which to file their motion for
rehearing and extending the due date until October 27, 2008 was a void order
because it was issued after we had received notice of the bankruptcy stay.  I
would then inquire of the parties regarding whether the matter was appropriate
for severance; in particular, whether the Appellees’ claims against the
Appellants are severable.  In this proceeding it appears that the Appellees
brought a single claim, albeit multiple theories of product liability, against
multiple but related corporate Appellants.  The judgment for each Appellee is
for the same claim (multiple theories) and precisely the same damages jointly
and severally against each Appellant.  Before I vote to attempt to sever these
Appellants, I would request briefing on the issue of severability.  Further, it
appears we may be creating an undesirable course of proceeding because, while
represented by able counsel, none of the parties has sought this court’s
intervention in this manner.

            Accordingly, I respectfully dissent
from the severance and reinstatement order.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissent
to Severance and Reinstatement Order delivered and filed October 15, 2008

Publish